IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BIJOULETTE WHITE,

                Plaintiff,

v.

TIMOTHY SHAWN GALLOWAY,

                Defendant.

OPINION and ORDER

24-cv-721-jdp

---

    Plaintiff filed suit in this court seeking to enforce financial obligations defendant agreed to while sponsoring plaintiff's immigration to the United States. Plaintiff filed here because defendant had accepted certified mail in Boulder Junction, Wisconsin in the months leading up to the filing of her complaint. In response, defendant moved to dismiss or transfer the suit to the Eastern District of Texas, arguing that he is domiciled there. Plaintiff now seeks limited discovery to confirm defendant's place of domicile. Dkt. 5. For the reasons below, plaintiff's motion for limited discovery is GRANTED, the briefing schedule on the pending motion to transfer is RESET, and the preliminary pretrial conference set for January 21, 2025 is CANCELLED to be reset upon completion of this briefing.

ANALYSIS

    While parties are generally prohibited from conducting discovery before their Rule 26(f) conference, early discovery may be conducted upon the parties' stipulation or the court's authorization. Fed. R. Civ. Pro. 26(d)(1). Whether a court authorizes preconference discovery turns on the reasonableness of the request in light of the record and the circumstances. *Dallas Buyers Club, LLC v. Does 1-26*, No. 14-C-360, 2014 WL 1612251, at *1 (E.D. Wis. Apr. 22, 2014); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).

Here, discovery is sought to confirm defendant's domicile in order to determine the contested issue of this suit's proper venue. *See* 28 U.S.C. §§ 1391(b)(1) & (c)(1). An individual's domicile refers to where the individual is physically and intends to remain, *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002), and is assessed via a variety of factors, including: current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations, place of employment, presence of family members, and extent of social involvement in the surrounding community. *Cf. 24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, No. 08 CV 3853, 2008 WL 4671748, at *3 (N.D. Ill. Oct. 21, 2008).

The court has reviewed plaintiff's proposed discovery requests and finds them targeted toward information related to defining defendant's domicile and thus reasonable under the circumstances. The question of defendant's domicile is the key to determining proper venue, and that question is currently in dispute. The court will need the information sought by plaintiff to definitively answer the question. Plaintiff acknowledges that some of the requests have been answered through the parties' briefing, but responses to some requests remain outstanding. Accordingly, defendant is ORDERED to provide responsive information to those requests identified in the Appendix of plaintiff's reply brief, Dkt. 21, within 30 days of this order.

Plaintiff also requests issuance of a subpoena to the Department of Homeland Security pursuant to 8 C.F.R. § 213a.4(a)(3) seeking contact information that defendant is supposed to maintain as an immigrant sponsor. Based on the needs of this case, the court ORDERS the subpoena issued in the form set forth at Dkt. 6-2.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to authorize early discovery, Dkt. 5, is GRANTED as set forth herein.

2. Briefing on the pending motion to dismiss or transfer, Dkt. 16, is RESET: Plaintiff may supplement her opposition within 14 days of receiving the ordered discovery. Defendant may submit his reply within 10 days of receiving plaintiff's supplement.

3. The preliminary pretrial conference set for January 21, 2025 is CANCELLED to be reset upon the parties completing briefing on the motion to dismiss or transfer.

4. Each party shall each bear their own costs in litigating this motion.

Entered 10th day of January, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge